**David A. GOODKIND, Plaintiff.**

**v.**

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and the seller of 400 shares of Common Stock of Westec Corporation through Merrill Lynch, Pierce, Fenner & Smith, Inc. as broker for such seller to David A. Goodkind through Carl M. Loeb, Rhoades & Co., as broker on August 24, 1966 at a price of $48⅛ per share, the name of such seller being unknown, Defendants.**

**No. 67–Civ. 3194.**

United States District Court
S. D. New York.

Oct. 27, 1967.

Matson, Kass, Goodkind & Wechsler, New York City, for plaintiff; by Stuart D. Wechsler, New York City, of counsel.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.; by, Howard T. Sprow, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

This is a motion pursuant to Rule 34, Fed.R.Civ.P., for an order requiring the plaintiff to produce certain documents for inspection and to be photographed. The action was instituted by the plaintiff against Merrill Lynch, Pierce, Fenner & Smith, Incorporated (herein MERRILL LYNCH), and a seller (whose name and identity is unknown to the plaintiff) for rescission or damages relating to plaintiff's alleged contract of purchase of 400 shares of common stock of Westec Corporation, wherein MERRILL LYNCH acted as broker.

The plaintiff claims that the 400 shares were sold for an undisclosed customer, that the stock involved was "control stock," that the stock was unregistered, that the plaintiff was not apprised of either fact by MERRILL LYNCH, and that the sale was, therefore, in violation of the Securities Acts of 1933 and 1934.

Defendant MERRILL LYNCH has moved for the production by plaintiff of all papers relating in any way to the purchase or sale by plaintiff of any security for the one year period immediately prior to the transaction in question. The affidavit and memorandum in support of the motion are devoid of the showing of good cause required by Rule 34 before such motion can be granted. In a supplemental affidavit, handed up at oral argument, defendant states that allowing such examination "may lead to evidence showing plaintiff's participation or membership in any Westec control group," and that in the event plaintiff was in fact a member of such a control group, "he would certainly be estopped from bringing this action." Defendant cites no law in support of this latter proposition and the late submission of the affidavit in which it appears precluded any answer by plaintiff. Furthermore, the defense of "estoppel" is not pleaded by defendant in any form.

Under the circumstances, good cause for the broad discovery defendant seeks has not been shown. Certainly defendant is entitled to the documents relating to the transaction in question. In addition, the court will assume arguendo that the defense of "estoppel" is valid and permit discovery of documents relating to transactions involving the securities of any company owning more than a negligible interest in Westec and to other transactions in Westec itself. Documents beyond these, however, appear to be well wide of the mark and defendant's motion as to these is denied.

Motion granted in part and denied in part.

Settle order.